FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 19 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : |
| JAMES S. QUAY,<br>  a/k/a JIM QUAY,<br>  a/k/a STEPHEN QUAY,<br>  a/k/a STEPHEN JAMESON, and<br>JEFFREY A. QUAY, | :  Civil Action No. 1:12-CV-3429RWS |
| Defendants, | : |
| AND | : |
| GEORGIA CONSULTING GROUP, INC.,<br>JFQ HOLDINGS, LLC,<br>PERIMETER WEALTH EQUITY<br>MANAGEMENT, LLC, and<br>PERIMETER WEALTH ESTATE<br>SERVICES, LLC, | : |
| Relief Defendants. | : |

## FINAL JUDGMENT AS TO DEFENDANT JAMES S. QUAY

The Securities and Exchange Commission having filed a Complaint and
Defendant James S. Quay a/k/a Jim Quay, Stephen Quay, and Stephen Jameson,
("James Quay" or "Defendant") having entered a general appearance; consented to
the Court's jurisdiction over Defendant and the subject matter of this action;
consented to entry of this Final Judgment without admitting or denying the
allegations of the Complaint (except as to jurisdiction); waived findings of fact and
conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant
and Defendant's agents, servants, employees, attorneys, and all persons in active
concert or participation with him who receive actual notice of this Final Judgment
by personal service or otherwise are permanently restrained and enjoined from
violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of
1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated
thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of
interstate commerce, or of the mails, or of any facility of any national securities
exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a

material fact necessary in order to make the statements made, in the light of

the circumstances  under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or

would operate as a fraud or deceit upon any person,

by, in connection with the purchase or sale of any security, (i) making, directly or

indirectly, any materially false or misleading statement or omission of material fact

in any communication, either orally or in writing, with any investor or prospective

investor regarding (a) any investment in or offering of securities, (b) the

registration status of such offering or of such securities, or (c) the use of investor

funds; or (ii) misappropriating investor funds or investment proceeds.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendant and Defendant's agents, servants, employees, attorneys, and all

persons in active concert or participation with them who receive actual notice of

this Final Judgment by personal service or otherwise are permanently restrained

3

and enjoined from violating Section 17(a) of the Securities Act of 1933 (the

"Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use

of any means or instruments of transportation or communication in interstate

commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a

material fact or any omission of a material fact necessary in order to

make the statements made, in light of the circumstances under which

they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which

operates or  would operate as a fraud or deceit upon the purchaser,

by, in the offer or sale of any security, (i) making, directly or indirectly, any

materially false or misleading statement or omission of material fact in any

communication, either orally or in writing, with any investor or prospective

investor regarding (a) any investment in or offering of securities, (b) the

registration status of such offering or of such securities, or (c) the use of investor

funds; or (ii) misappropriating investor funds or investment proceeds.

4

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)   Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)   Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)   Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell

5

or offer to buy through the use or medium of any prospectus or

otherwise any security, unless a registration statement has been filed

with the Commission as to such security, or while the registration

statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or

examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendant and Defendant's agents, servants, employees, attorneys, and all

persons in active concert or participation with him who receive actual notice of this

Final Judgment by personal service or otherwise are permanently restrained and

enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act

[15 U.S.C. § 78j(b)], by making use of the mails or any means or instrumentality of

interstate commerce to effect any transactions in, or to induce or attempt to induce

the purchase or sale of, any security (other than an exempted security or

commercial paper, bankers' acceptances, or commercial bills) unless such broker

or dealer is registered in accordance with subsection (b) of that section.

6

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,403,638.62, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $179,118.78, and a civil penalty in the amount of $450,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. 78u(d)]. Defendant shall satisfy this obligation by paying $2,032,757.40 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

7

Defendant may transmit payment electronically to the Commission, which
will provide detailed ACH transfer/Fedwire instructions upon request.  Payment
may also be made directly from a bank account via Pay.gov through the SEC
website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by
certified check, bank cashier's check, or United States postal money order payable
to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number,
and name of this Court; James S. Quay as a defendant in this action; and specifying
that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of
payment and case identifying information to the Commission's counsel in this
action.  By making this payment, Defendant relinquishes all legal and equitable
right, title, and interest in such funds and no part of the funds shall be returned to
Defendant.

8

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To

9

preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this

Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

of this Final Judgment.

Dated _October 18_, 2012.

_____

UNITED STATES DISTRICT JUDGE FOR THE
NORTHERN DISTRICT OF GEORGIA

11