IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br> : <br> Plaintiff, : <br> v. : <br> : <br> JAMES S. QUAY, : <br>   a/k/a JIM QUAY, : <br>   a/k/a STEPHEN QUAY, : <br>   a/k/a STEPHEN JAMESON, and : <br> JEFFREY A. QUAY, : <br> : <br> Defendants, : <br> AND : <br> : <br> GEORGIA CONSULTING GROUP, INC., : <br> JFQ HOLDINGS, LLC, : <br> PERIMETER WEALTH EQUITY : <br> MANAGEMENT, LLC, and : <br> PERIMETER WEALTH ESTATE SERVICES, LLC, : <br> : <br> Relief Defendants. : <br> _____ : | Civil Action No. <br> 1:12-cv-03429-RWS |

**FINAL JUDGMENT AGAINST DEFENDANT JEFFREY A. QUAY AND RELIEF DEFENDANTS GEORGIA CONSULTING GROUP, INC., JFQ HOLDINGS, LLC, PERIMETER WEALTH EQUITY MANAGEMENT, LLC, AND PERIMETER WEALTH ESTATE SERVICES, LLC**

The Clerk of the Court having entered a default against Defendant Jeffrey A. Quay ("Defendant" or "Jeffrey Quay") and Relief Defendants Georgia Consulting Group, Inc., JFQ Holdings, LLC, Perimeter Wealth Equity Management, LLC, and

Perimeter Wealth Estate Services, LLC (collectively, "Relief Defendants"); the Securities and Exchange Commission ("Commission") having filed a Motion for Entry of Default Judgment against Defendant Jeffrey Quay and the Relief Defendants, with attached Exhibits, and a supporting memorandum of law; and for good cause shown:

## I.

**IT IS HEREBY ORDERED** that Defendant Jeffrey Quay and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, in connection with the purchase or sale of any security, (i) making, directly or indirectly, any materially false or misleading statement or omission of material fact in any communication, either orally or in writing, with any investor or prospective investor regarding (a) any investment in or offering of securities, (b) the registration status of such offering or of such securities, or (c) the use of investor funds; or (ii) misappropriating investor funds or investment proceeds.

## II.

**IT IS HEREBY FURTHER ORDERED** that Defendant Jeffrey Quay and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15

U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, in the offer or sale of any security, (i) making, directly or indirectly, any materially false or misleading statement or omission of material fact in any communication, either orally or in writing, with any investor or prospective investor regarding (a) any investment in or offering of securities, (b) the registration status of such offering or of such securities, or (c) the use of investor funds; or (ii) misappropriating investor funds or investment proceeds.

## III.

**IT IS HEREBY FURTHER ORDERED** that Defendant Jeffrey Quay is liable for disgorgement of $180,045.90, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $15,276.66, and a civil penalty in the amount of $20,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. 78u(d)]. Liability for the $180,045.90 in disgorgement and $15,276.66 in prejudgment interest is imposed jointly and severally with Defendant James S. Quay and Relief Defendant Perimeter Wealth Equity Management, LLC. Defendant Jeffrey Quay shall satisfy this obligation by paying $215,322.56 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant Jeffrey Quay may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Jeffrey Quay may also pay by certified check, bank cashier's check, or United

States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Jeffrey Quay as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Jeffrey Quay shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant Jeffrey Quay relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Jeffrey Quay.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant Jeffrey Quay shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the

funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant Jeffrey Quay shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's

payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## IV.

**IT IS HEREBY FURTHER ORDERED** that Relief Defendant Georgia Consulting Group, Inc. ("Georgia Consulting Group") is liable for disgorgement of $99,377.49, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $10,581.06. Liability for the $99,377.49 disgorgement and $10,581.06 in prejudgment interest is imposed jointly and severally with Defendant James S.

Quay. Relief Defendant Georgia Consulting Group shall satisfy this obligation by paying $109,958.55 within 14 business days to the Clerk of this Court, together with a cover letter identifying Relief Defendant Georgia Consulting Group as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Relief Defendant Georgia Consulting Group shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Relief Defendant Georgia Consulting Group relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Relief Defendant Georgia Consulting Group. The Clerk shall deposit the funds into an interest bearing account with the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee

shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Relief Defendant Georgia Consulting Group shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

V.

**IT IS HEREBY FURTHER ORDERED** that Relief Defendant JFQ Holdings, LLC ("JFQ Holdings") is liable for disgorgement of $55,000.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $3,530.42. Liability for the $55,000.00 in disgorgement and $3,530.42 in prejudgment interest is imposed jointly and severally with Defendant James S. Quay. Relief Defendant JFQ Holdings shall satisfy this obligation by paying $58.530.42 within 14 business days to the Clerk of this Court, together with a cover letter identifying Relief Defendant JFQ Holdings as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Relief Defendant JFQ Holdings shall simultaneously transmit photocopies of such payment and letter to the

Commission's counsel in this action. By making this payment, Relief Defendant JFQ Holdings relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Relief Defendant JFQ Holdings. The Clerk shall deposit the funds into an interest bearing account with the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Relief Defendant JFQ Holdings shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VI.

**IT IS HEREBY FURTHER ORDERED** that Relief Defendant Perimeter Wealth Equity is liable for disgorgement of $180,045.90, representing profits


Commission's counsel in this action. By making this payment, Relief Defendant JFQ Holdings relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Relief Defendant JFQ Holdings. The Clerk shall deposit the funds into an interest bearing account with the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Relief Defendant JFQ Holdings shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VI.

**IT IS HEREBY FURTHER ORDERED** that Relief Defendant Perimeter Wealth Equity is liable for disgorgement of $180,045.90, representing profits

gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $15,276.66. Liability for the $180,045.90 in disgorgement and $15,276.66 in prejudgment interest is imposed jointly and severally with Defendants James S. Quay and Jeffrey A. Quay. Relief Defendant Perimeter Wealth Equity shall satisfy this obligation by paying $195,322.56 within 14 business days to the Clerk of this Court, together with a cover letter identifying Relief Defendant Perimeter Wealth Equity as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Relief Defendant Perimeter Wealth Equity shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Relief Defendant Perimeter Wealth Equity relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Relief Defendant Perimeter Wealth Equity. The Clerk shall deposit the funds into an interest bearing account with the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the

Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Relief Defendant Perimeter Wealth Equity shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VII.

**IT IS HEREBY FURTHER ORDERED** that Relief Defendant Perimeter Wealth Estate is liable for disgorgement of $47,000.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $3,815.83. Liability for the $47,000.00 in disgorgement and $3,815.83 in prejudgment interest is imposed jointly and severally with Defendant James S. Quay. Relief Defendant Perimeter Wealth Estate shall satisfy this obligation by paying $50,815.83 within 14 business days to the Clerk of this Court, together with a cover letter identifying Relief Defendant

Perimeter Wealth Estate as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Relief Defendant Perimeter Wealth Estate shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Relief Defendant Perimeter Wealth Estate relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Relief Defendant Perimeter Wealth Estate. The Clerk shall deposit the funds into an interest bearing account with the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Relief Defendant Perimeter

Wealth Estate shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VIII.

**IT IS HEREBY FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated _January 9_, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

15